FILED
2018 Aug-16 AM 08:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **THE CINCINNATI INSURANCE COMPANY, et al.,** | } | |
| **Plaintiffs,** | } | |
| **v.** | } | **Case No.: 5:17-cv-01688-UJH-RDP** |
| **SAMSUNG SDI COMPANY LTD, et al.,** | } | |
| **Defendants.** | } | |

**MEMORANDUM OPINION**

This matter is before the court on the Motion to Dismiss filed by Defendant Henry Schein, Inc. ("Henry Schein"). (Doc. # 26). The Motion is fully briefed. (Docs. # 26, 30, 36). After careful review, and for the reasons explained below, the court concludes that the Motion to Dismiss (Doc. # 26) is due to be granted in part. Plaintiffs' Complaint is due to be stricken as a shotgun pleading, and they shall file an Amended Complaint in accordance with the court's instructions before proceeding in this action.

## I. Background[1]

On or about January 20, 2016, an ASUS laptop computer containing a Simplo battery pack with Samsung SDI lithium-ion batteries self-ignited, resulting in substantial damages to the property and leasehold of Plaintiff Terry A. Burgess DDS, Inc., d/b/a Madison Center for Dental Care (hereinafter "Madison Center for Dental Care"). (Doc. # 1 at ¶ 29). Defendant Henry Schein designs, manufactures, assembles, sells, and distributes dental products. (*Id.* at ¶ 11).

[1] "A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merit of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true." *Mays v. U.S. Postal Serv.*, 928 F. Supp. 1552, 1557-58 (M.D. Ala. 1996). Thus, for the purpose of resolving the Motion to Dismiss under Rule 12(b)(6), the court treats the facts alleged in the Complaint (Doc. # 1) as true.

Henry Schein obtained the laptop computer and used it as a component in a dental product that it sold to Plaintiff Madison Center for Dental Care. (*Id.*).

The laptop reached Plaintiff Madison Center for Dental Care without substantial change in its condition from the time it was sold or placed into the stream of commerce by Defendants. (*Id.* at ¶ 28). Plaintiffs were unaware of the laptop's defects, and they claim that the defects were not discoverable through reasonable inspection. (*Id.* at ¶ 30). Plaintiffs allege that all of the Defendants, including Henry Schein, knew or should have known about the defective nature of the laptop. (*Id.* at ¶ 29).

Plaintiffs' Complaint raises four claims against all Defendants. First, Plaintiffs allege that all Defendants negligently sold, distributed, manufactured, assembled, and/or designed a defective laptop computer, which caused damage to the property of Madison Center for Dental Care. (*Id.* at ¶¶ 24-32). Second, Plaintiffs allege that all Defendants violated the Alabama Extended Manufacturers Liability Doctrine ("AEMLD") by selling, distributing, manufacturing, assembling, and/or designing an unreasonably dangerous laptop or one that was in a defective condition. (*Id.* at ¶¶ 33-41). Third, Plaintiffs allege that all Defendants failed to warn Plaintiffs of potential hazards or failed to design and install adequate risk reduction devices. (*Id.* at ¶¶ 42-44). Finally, Plaintiffs allege that all Defendants violated express or implied warranties of merchantability and fitness for a particular purpose. (*Id.* at ¶¶ 45-50).

## II. Standard of Review

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain

nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded

facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

## III. Analysis

In its Motion to Dismiss, Henry Schein first argues that the claims against it fail to meet the *Twombly* plausibility standard because the Complaint raises generic allegations against each Defendant. Second, Henry Schein contends that the claims against it fail as a matter of law due to the "innocent seller" defense in Alabama Code § 6-5-521. Finally, Henry Schein contends that the Complaint is a shotgun pleading. Because the "shotgun" nature of the Complaint is apparent, the court addresses this category of deficiencies as an initial matter.

The Eleventh Circuit has identified four types of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (footnotes omitted). District courts have the inherent authority to dismiss complaints on shotgun pleading grounds. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). But, the court must grant a plaintiff at least one chance to remedy such shotgun pleading deficiencies *sua sponte* before dismissing an action on shotgun pleading grounds. *Id.* "In these cases, even if the

parties do not request it, the district court 'should strike the complaint and instruct counsel to replead the case—if counsel [can] in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Id.* (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1133 n. 113 (11th Cir. 2001)).

Here, Plaintiffs' Complaint is a shotgun pleading for two reasons. First, each of Plaintiffs' counts adopts all of the allegations from the previous counts. (Doc. # 1 at ¶¶ 24, 33, 42, 45). *Weiland*, 792 F.3d at 1321. Second, each of Plaintiffs' four counts (negligence, AEMLD strict liability, failure to warn, and breach of implied and/or express warranty) essentially assert multiple claims against all of the Defendants without specifying which acts of selling, distributing, manufacturing, assembling, or designing Plaintiffs challenge. (*See generally* Doc. # 1 at ¶¶ 24-50). *Weiland*, 792 F.3d at 1323. Plaintiffs' Complaint does not specify what negligent conduct Defendants committed, what defects rendered the laptop unreasonably dangerous, what warnings or risk reduction devices should have been installed, or which Defendant provided an express or implied warranty. Plaintiffs' four counts are so non-specific that they wholly fail to provide Defendants adequate notice of the grounds for each claim for relief. *Weiland*, 792 F.3d at 1323. The only appropriate remedy for Plaintiffs' generic Complaint is striking it and requiring Plaintiffs to replead all of the claims in the action if they wish to proceed.[2] *Vibe Micro, Inc.*, 878 F.3d at 1295.

[2] The court agrees with Defendant Henry Schein that Plaintiffs' claims are so generic that they raise no plausible right to relief against it (or any other Defendant). Nevertheless, given the factual allegations about the fire and the fact that Plaintiffs have only filed one Complaint so far, the court would grant Plaintiffs an opportunity to replead the Complaint if it ruled on the *Twombly* argument raised by Henry Schein.

The court has reviewed Defendant Henry Schein's "innocent seller" defense under Alabama Code §§ 6-5-501(2)(a) and 6-5-521(b). Henry Schein is correct that Plaintiffs' Complaint appears to describe it as a seller of a product to Madison Center for Dental Care. (Doc. # 1 at ¶ 11). However, the "innocent seller" defense applies only to "product liability action[s]" as defined in §§ 6-5-501(2) and 6-5-521, and both statutes define a product liability action as an "action brought by a *natural person* for personal injury, death or property damage" caused by certain activities relating to a manufactured product. Ala. Code §§ 6-5-501(2), 6-5-521(a) (emphasis added). Plaintiffs Cincinnati Insurance Company and Auto-Owners Insurance Company are both corporations. (Doc. # 1 at ¶¶ 1, 3). Plaintiff Madison Center for Dental Care also appears to be a corporation, as it has "Inc." in its title, but Plaintiffs do not allege a state of incorporation for that entity. (*Id.* at ¶ 2). If all three Plaintiffs are corporations,

## IV. Conclusion

For the reasons explained above, Defendant Henry Schein's Motion to Dismiss (Doc. # 26) is due to be granted in part. Plaintiffs' Complaint (Doc. # 1) is due to be stricken, and Plaintiffs will be required to replead the complaint to remedy the deficiencies identified in this Memorandum Opinion. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this August 15, 2018.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

then the "innocent seller" defense might well be inapplicable by the plain language of the statutes providing that defense. The court does not decide this issue, but raises it for later consideration, if necessary.